UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA, |
| v. |
| MARLIN E. MOORE |
| Defendant. |

Criminal 05-0788 (HHK)

*To The Jury*
*7/21/05*
*REW*

# FINAL JURY INSTRUCTIONS

MEMBERS OF THE JURY AT THIS TIME I WILL INSTRUCT YOU AS TO THE LAW YOU ARE TO APPLY TO THIS CASE. I URGE YOU TO BE AS ATTENTIVE AND CONSCIENTIOUS NOW AS YOU HAVE BEEN WHEN LISTENING AND WATCHING AS THE EVIDENCE WAS BEING PRESENTED AND THE LAWYERS WERE MAKING THEIR ARGUMENTS AND STATEMENTS TO YOU. I WILL BEGIN MY INSTRUCTIONS BY REPEATING A PORTION OF MY PRELIMINARY INSTRUCTIONS CONCERNING YOUR RESPONSIBILITIES AND HOW THEY DIFFER FROM MINE.

2.01 MY FUNCTION IS TO CONDUCT THE TRIAL OF THIS CASE IN AN ORDERLY, FAIR AND EFFICIENT MANNER; I MUST ALSO RULE UPON QUESTIONS OF LAW AND PROCEDURE WHICH ARISE DURING THE COURSE OF THE TRIAL; AND IT IS MY DUTY TO DO

**WHAT I AM DOING NOW AND THAT IS TO INSTRUCT YOU IN DETAIL ON THE LAW WHICH APPLIES TO THIS CASE.**

**2.02 YOUR FUNCTION, AS THE JURY, IS TO DETERMINE THE FACTS IN THIS CASE BASED ON THE EVIDENCE PRESENTED DURING THE TRIAL. YOU ARE THE SOLE AND EXCLUSIVE JUDGES OF THE FACTS. YOU ALONE SHALL DECIDE THE OF WEIGHT OF THE EVIDENCE, THE VALUE OF THE EVIDENCE, AND THE BELIEVABILITY OF THE WITNESSES.**

**2.01   IT IS YOUR DUTY TO ACCEPT THE LAW AS I STATE TO YOU. YOU SHOULD CONSIDER ALL THE INSTRUCTIONS AS A WHOLE. YOU MAY NOT DISREGARD ANY INSTRUCTION OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION OR QUESTION THE WISDOM OF ANY RULE OF LAW.**

**2.02 YOU SHOULD DETERMINE THE FACTS WITHOUT PREJUDICE, FEAR, SYMPATHY, OR FAVORITISM. YOU SHOULD NOT BE IMPROPERLY INFLUENCED BY ANY ONE'S RACE, ETHNIC ORIGIN OR GENDER. RATHER, YOU MUST DECIDE THE CASE SOLELY FROM A FAIR CONSIDERATION OF THE EVIDENCE.**

**2.04** YOU MAY ONLY CONSIDER THE EVIDENCE PROPERLY ADMITTED IN THIS TRIAL. IN THIS CASE, THAT EVIDENCE INCLUDES THE SWORN TESTIMONY OF THE WITNESSES, THE EXHIBITS WHICH WERE ADMITTED INTO EVIDENCE, AND FACTS STIPULATED TO BY THE PARTIES. AS YOU WERE INSTRUCTED EARLIER, ANY STIPULATION OF FACT IS UNDISPUTED EVIDENCE, AND YOU MAY CONSIDER IT UNDISPUTED EVIDENCE.

WHEN YOU CONSIDER THE EVIDENCE, YOU ARE PERMITTED TO DRAW, FROM THE FACTS WHICH YOU FIND HAVE BEEN PROVEN, SUCH REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR EXPERIENCE.

**2.06** I HAVE JUST INSTRUCTED YOU AS TO WHAT CONSTITUTES THE EVIDENCE IN THIS CASE. DURING THE TRIAL YOU HEARD REFERENCES TO MATTERS THAT ARE NOT EVIDENCE. ONE SUCH MATTER IS THE INDICTMENT. THE INDICTMENT IS NOT EVIDENCE. RATHER IT IS MERELY THE FORMAL WAY OF ACCUSING A PERSON OF A CRIME TO BRING HIM TO TRIAL. YOU MUST NOT CONSIDER THE INDICTMENT AS EVIDENCE OF ANY KIND. YOU MAY NOT CONSIDER IT AS ANY EVIDENCE OF THE DEFENDANT'S GUILT OR DRAW ANY INFERENCE OF GUILT FROM IT.

**2.05,1.07** THE STATEMENTS AND ARGUMENTS OF LAWYERS ARE NOT EVIDENCE. THEY ARE ONLY INTENDED TO ASSIST YOU IN UNDERSTANDING THE EVIDENCE AND THE POSITION AND CONTENTIONS OF THE PARTIES. ALSO DURING A TRIAL SOMETIMES A LAWYER'S QUESTION MAY SUGGEST THAT SOMETHING IS A FACT WHEN THAT FACT HAS NOT BEEN ESTABLISHED. WHETHER OR NOT SOMETHING IS A FACT DEPENDS ON THE ANSWER OF THE WITNESS NOT THE LAWYER'S QUESTION. A LAWYER'S QUESTION IS NOT EVIDENCE.

**2.02,2.03** NOTHING THAT I HAVE SAID OR DONE SHOULD BE CONSIDERED AS EVIDENCE OR SHOULD BE TAKEN AS INDICATING HOW I THINK YOU SHOULD DECIDE THIS CASE. IF YOU BELIEVE THAT I HAVE EITHER EXPRESSED OR INDICATED ANY OPINION AS TO THE FACTS, YOU SHOULD IGNORE IT. IT IS YOUR SOLE AND EXCLUSIVE DUTY TO DECIDE THE VERDICT IN THIS CASE. MOREOVER, IF MY REFERENCE TO THE EVIDENCE OR A LAWYER'S REFERENCE TO THE EVIDENCE DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION OF THE EVIDENCE, IT IS YOUR RECOLLECTION WHICH SHOULD CONTROL DURING YOUR DELIBERATIONS.

**2.07 THE LAWYERS IN THIS CASE SOMETIMES OBJECTED WHEN THE OTHER SIDE ASKED A QUESTION, MADE AN ARGUMENT, OR OFFERED EVIDENCE WHICH THE OBJECTING LAWYER BELIEVED WAS NOT PROPER. YOU MUST NOT BE PREJUDICED AGAINST THE LAWYER WHO MADE THE OBJECTIONS. IT IS THE LAWYERS' RESPONSIBILITY TO OBJECT TO EVIDENCE OR ARGUMENT WHICH THEY BELIEVE IS NOT ADMISSIBLE OR MADE BEFORE THE JURY.**

**2.07 IF DURING THE TRIAL, I SUSTAINED AN OBJECTION TO A LAWYER'S QUESTION YOU SHOULD DISREGARD THE QUESTION AND YOU MUST NOT SPECULATE, THAT IS GUESS, AS TO WHAT THE ANSWER WOULD HAVE BEEN HAD THE WITNESS ANSWERED THE QUESTION. IF, AFTER A WITNESS ANSWERED A LAWYERS' QUESTION, I RULED THAT THE ANSWER SHOULD BE STRICKEN FROM THE RECORD, YOU SHOULD DISREGARD BOTH THE QUESTION AND THE ANSWER IN YOUR DELIBERATIONS. LIKEWISE, EXHIBITS, AS TO WHICH I SUSTAINED AN OBJECTION, OR WHICH I ORDERED STRICKEN ARE NOT EVIDENCE AND YOU MUST NOT CONSIDER THEM IN YOUR DELIBERATIONS.**

**2.10** THERE ARE TWO TYPES OF EVIDENCE FROM WHICH YOU MAY FIND THE TRUTH AS TO THE FACTS OF A CASE--DIRECT EVIDENCE AND CIRCUMSTANTIAL EVIDENCE. WHEN A WITNESS ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS, THAT WITNESS'S TESTIMONY IS DIRECT EVIDENCE. A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING THE GUILT OR INNOCENCE OF A DEFENDANT IS CIRCUMSTANTIAL EVIDENCE. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT YOU SHOULD GIVE TO EITHER KIND OF EVIDENCE, NOR DOES CIRCUMSTANTIAL EVIDENCE REQUIRE A GREATER DEGREE OF CERTAINTY THAN DIRECT EVIDENCE. IN REACHING A VERDICT IN THIS CASE, YOU SHOULD WEIGH ALL OF THE EVIDENCE PRESENTED, BOTH DIRECT AND CIRCUMSTANTIAL.

**2.11** IN DETERMINING WHETHER THE GOVERNMENT HAS ESTABLISHED THE CHARGE AGAINST THE DEFENDANT BEYOND A REASONABLE DOUBT, YOU MUST CONSIDER AND WEIGH THE TESTIMONY OF ALL THE WITNESSES WHO HAVE APPEARED BEFORE YOU.

YOU ARE THE SOLE JUDGE OF THE CREDIBILITY OF THE WITNESSES. IN OTHER WORDS, YOU ALONE ARE TO DETERMINE

WHETHER TO BELIEVE ANY WITNESS AND THE EXTENT TO WHICH ANY WITNESS SHOULD BE BELIEVED.

IN REACHING A CONCLUSION AS TO THE CREDIBILITY OF ANY WITNESS, YOU MAY CONSIDER ANY MATTER THAT MAY HAVE A BEARING ON THE SUBJECT. YOU MAY CONSIDER THE DEMEANOR AND THE BEHAVIOR OF THE WITNESS ON THE WITNESS STAND; THE WITNESS'S MANNER OF TESTIFYING; WHETHER THE WITNESS IMPRESSES YOU AS A TRUTHFUL PERSON; WHETHER THE WITNESS IMPRESSES YOU AS HAVING AN ACCURATE MEMORY AND RECOLLECTION; WHETHER THE WITNESS HAS ANY MOTIVE FOR NOT TELLING THE TRUTH; WHETHER THE WITNESS HAD A FULL OPPORTUNITY TO OBSERVE THE MATTERS ABOUT WHICH HE OR SHE HAS TESTIFIED; WHETHER THE WITNESS HAS ANY INTEREST IN THE OUTCOME OF THIS CASE, OR FRIENDSHIP OR HOSTILITY TOWARD OTHER PEOPLE CONCERNED WITH THIS CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS, OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES, MAY OR MAY NOT CAUSE YOU TO DISCREDIT SUCH TESTIMONY. TWO OR MORE PERSONS WITNESSING AN INCIDENT OR TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY; AN INNOCENT MISRECOLLECTION, LIKE A FAILURE OF

RECOLLECTION, IS NOT AN UNCOMMON EXPERIENCE. IN WEIGHING THE EFFECT OF ANY INCONSISTENCY OR DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANT OR UNIMPORTANT DETAIL, AND WHETHER THE INCONSISTENCY OR DISCREPANCY RESULTS FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

YOU MAY CONSIDER THE REASONABLENESS OR UNREASONABLENESS, THE PROBABILITY OR IMPROBABILITY, OF THE TESTIMONY OF A WITNESS IN DETERMINING WHETHER TO ACCEPT IT AS TRUE AND ACCURATE. YOU MAY CONSIDER WHETHER THE WITNESS HAS BEEN CONTRADICTED OR CORROBORATED BY OTHER CREDIBLE EVIDENCE.

IF YOU BELIEVE THAT ANY WITNESS HAS SHOWN HIMSELF OR HERSELF TO BE BIASED OR PREJUDICED, FOR OR AGAINST EITHER SIDE IN THIS TRIAL, YOU MAY CONSIDER AND DETERMINE WHETHER SUCH BIAS OR PREJUDICE HAS COLORED THE TESTIMONY OF THE WITNESS SO AS TO AFFECT THE DESIRE AND CAPABILITY OF THAT WITNESS TO TELL THE TRUTH.

YOU SHOULD GIVE THE TESTIMONY OF EACH WITNESS SUCH WEIGHT AS IN YOUR JUDGMENT IT IS FAIRLY ENTITLED TO RECEIVE.

**2.24 YOU HAVE HEARD EVIDENCE THAT ONE OF THE GOVERNMENT WITNESSES, TRAVIS PARIS, IS AN ACCOMPLICE.** ACCOMPLICES IN THE COMMISSION OF A CRIME ARE COMPETENT WITNESSES AND THE GOVERNMENT HAS A RIGHT TO USE THEM AS WITNESSES. AN ACCOMPLICE IS ANYONE WHO KNOWINGLY AND VOLUNTARILY COOPERATES WITH, AIDS, ASSISTS, ADVISES, OR ENCOURAGES ANOTHER PERSON IN THE COMMISSION OF A CRIME, REGARDLESS OF HIS DEGREE OF PARTICIPATION.

THE TESTIMONY OF AN ALLEGED ACCOMPLICE SHOULD BE RECEIVED WITH CAUTION AND SCRUTINIZED WITH CARE. YOU SHOULD GIVE IT SUCH WEIGHT AS IN YOUR JUDGMENT IT IS FAIRLY ENTITLED TO RECEIVE. IF THE TESTIMONY OF AN ALLEGED ACCOMPLICE IS NOT SUPPORTED BY OTHER EVIDENCE, YOU MAY CONVICT A DEFENDANT UPON THAT TESTIMONY ONLY IF YOU BELIEVE THAT IT PROVES THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT.

**1.12 YOU HAVE HEARD EVIDENCE THAT A WITNESS HAS BEEN CONVICTED OF A CRIME. A WITNESS' PRIOR CRIMINAL CONVICTION IS ADMITTED INTO EVIDENCE SOLELY FOR YOUR CONSIDERATION IN EVALUATING HIS CREDIBILITY AS A WITNESS. AS A RESULT, YOU MAY CONSIDER THIS PRIOR**

**CONVICTION ONLY IN EVALUATING THE CREDIBILITY OF THAT WITNESS' TESTIMONY IN THIS CASE.**

1.13 YOU HAVE HEARD EVIDENCE THAT THE DEFENDANT HAS PREVIOUSLY BEEN CONVICTED OF CRIMES. A DEFENDANT'S PRIOR CRIMINAL CONVICTION IS ADMITTED INTO EVIDENCE SOLELY FOR YOUR CONSIDERATION IN EVALUATING THE DEFENDANT'S CREDIBILITY AS A WITNESS. THE FACT THAT THE DEFENDANT WAS CONVICTED OF A CRIME IN THE PAST IS NOT EVIDENCE THAT THE DEFENDANT IS GUILTY OF THE OFFENSE WITH WHICH HE IS CHARGED IN THIS CASE. YOU MUST NOT DRAW ANY INFERENCE OF GUILT AGAINST THE DEFENDANT FROM HIS PRIOR CONVICTIONS. YOU MAY ONLY CONSIDER THEM IN EVALUATING THE CREDIBILITY OF HIS TESTIMONY IN THIS CASE.

2.51 YOU HAVE HEARD EVIDENCE THAT THE DEFENDANT EXPRESS MAILED A PACKAGE Allegedly CONTAINING 1/4 KILOGRAMS OF COCAINE FROM A PHOENIX, ARIZONA POST OFFICE TO AN ADDRESS IN MARYLAND ON JANUARY 24, 2005. IT IS UP TO YOU TO DECIDE WHETHER TO ACCEPT THAT EVIDENCE.

IF YOU FIND THAT MR. MOORE MAILED A PACKAGE CONTAINING 1/4 KILOGRAMS OF COCAINE FROM A PHOENIX, ARIZONA POST OFFICE TO AN ADDRESS IN MARYLAND ON JANUARY 24, 2005, YOU MAY USE THE

EVIDENCE ONLY FOR THE LIMITED PURPOSE OF DECIDING WHETHER MR. MOORE KNOWINGLY POSSESSED **500 GRAMS OR MORE OF COCAINE ON OR ABOUT FEBRUARY 2, 2005, AND** HAD THE SPECIFIC INTENT TO **DISTRIBUTE SUCH COCAINE AND WAS NOT** ACTING MISTAKENLY OR BY ACCIDENT.

YOU MAY NOT CONSIDER THIS EVIDENCE FOR ANY OTHER PURPOSE. THE DEFENDANT HAS NOT BEEN CHARGED WITH ANY OFFENSE RELATING TO ANY CONDUCT ALLEGED TO HAVE TAKEN PLACE ON JANUARY 24, 2005, IN PHOENIX ARIZONA AND YOU MAY NOT CONSIDER THIS EVIDENCE TO CONCLUDE THAT THE DEFENDANT HAS A BAD CHARACTER, OR THAT THE DEFENDANT HAS A CRIMINAL PERSONALITY. THE LAW DOES NOT ALLOW YOU TO CONVICT A DEFENDANT SIMPLY BECAUSE YOU BELIEVE HE MAY HAVE DONE BAD THINGS NOT SPECIFICALLY CHARGED AS A CRIME IN THIS CASE. SPECIFICALLY, YOU MAY NOT CONSIDER THIS EVIDENCE IN DECIDING WHETHER THE GOVERNMENT HAS PROVED THAT THE DEFENDANT COMMITTED THE ACTS CONSTITUTING THE OFFENSE CHARGED IN THIS CASE.

YOU MAY ONLY CONSIDER THE EVIDENCE FOR THE LIMITED PURPOSE OF SHOWING WHETHER THE DEFENDANT KNOWINGLY POSSESSED **500 GRAMS OR MORE OF COCAINE ON OR ABOUT FEBRUARY 2, 2005, AND** HAD THE SPECIFIC INTENT TO DISTRIBUTE SUCH COCAINE AND WAS NOT ACTING MISTAKENLY OR BY ACCIDENT.

**2.26 A POLICE OFFICER'S TESTIMONY SHOULD BE CONSIDERED BY YOU JUST AS ANY OTHER EVIDENCE IN THE CASE. IN EVALUATING THE OFFICER'S CREDIBILITY YOU SHOULD USE THE SAME GUIDELINES WHICH YOU APPLY TO THE TESTIMONY OF ANY WITNESS. IN NO EVENT SHOULD YOU GIVE EITHER GREATER OR LESSER WEIGHT TO THE TESTIMONY OF ANY WITNESS MERELY BECAUSE S/HE IS A POLICE OFFICER.**

**2.13 THE WEIGHT OF THE EVIDENCE IS NOT NECESSARILY DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING FOR EACH SIDE. RATHER, YOU SHOULD CONSIDER ALL THE FACTS AND CIRCUMSTANCES IN EVIDENCE TO DETERMINE WHICH OF THE WITNESSES YOU BELIEVE. YOU MAY FIND THAT THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES ON ONE SIDE IS MORE BELIEVABLE THAN THE TESTIMONY OF A GREATER NUMBER OF WITNESSES ON THE OTHER SIDE**

**2.278** THE DEFENDANT HAS A RIGHT TO BECOME A WITNESS IN HIS/HER OWN BEHALF. HIS TESTIMONY SHOULD NOT BE DISBELIEVED MERELY BECAUSE HE IS THE DEFENDANT. IN WEIGHING HIS TESTIMONY, HOWEVER, YOU MAY CONSIDER THE FACT THAT THE DEFENDANT HAS AN INTEREST IN

THE OUTCOME OF THIS TRIAL. AS WITH THE TESTIMONY OF ANY OTHER WITNESS, YOU SHOULD GIVE THE DEFENDANT'S TESTIMONY SUCH WEIGHT AS IN YOUR JUDGMENT IT IS FAIRLY ENTITLED TO RECEIVE.

**2.14 ONE OF THE QUESTIONS YOU WERE ASKED WHEN WE WERE SELECTING THIS JURY WAS WHETHER THE NATURE OF THE CHARGES WOULD AFFECT YOUR ABILITY TO RENDER A FAIR AND IMPARTIAL VERDICT. THERE WAS A REASON FOR THAT QUESTION. YOU MUST NOT ALLOW THE NATURE OF THE CHARGES AFFECT YOUR VERDICT. YOU MUST CONSIDER ONLY THE EVIDENCE THAT HAS BEEN PRESENTED IN THIS CASE IN RENDERING A FAIR AND IMPARTIAL VERDICT.**

**2.09   EVERY DEFENDANT IN A CRIMINAL CASE IS PRESUMED TO BE INNOCENT. THIS PRESUMPTION OF INNOCENCE REMAINS WITH THE DEFENDANT THROUGHOUT THE TRIAL UNLESS AND UNTIL S/HE IS PROVEN GUILTY BEYOND A REASONABLE DOUBT.**

**2.08 THE BURDEN IS ON THE GOVERNMENT TO PROVE THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT. THIS BURDEN OF PROOF NEVER SHIFTS THROUGHOUT THE TRIAL. THE LAW DOES NOT REQUIRE A DEFENDANT TO PROVE HIS INNOCENCE OR TO PRODUCE ANY EVIDENCE. IF YOU FIND THAT**

THE GOVERNMENT HAS PROVEN BEYOND A REASONABLE DOUBT EVERY ELEMENT OF THE OFFENSE WITH WHICH THE DEFENDANT IS CHARGED, IT IS YOUR DUTY TO FIND HIM GUILTY. ON THE OTHER HAND, IF YOU FIND THE GOVERNMENT HAS FAILED TO PROVE ANY ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT, YOU MUST FIND THE DEFENDANT NOT GUILTY.

IN CIVIL CASES, IT IS ONLY NECESSARY TO PROVE THAT A FACT IS MORE LIKELY TRUE THAN NOT, OR, IN SOME CASES, THAT ITS TRUTH IS HIGHLY PROBABLE. IN CRIMINAL CASES SUCH AS THIS ONE, THE GOVERNMENT'S PROOF MUST BE MORE POWERFUL THAN THAT. IT MUST BE BEYOND A REASONABLE DOUBT.

REASONABLE DOUBT, AS THE NAME IMPLIES, IS A DOUBT BASED UPON REASON--A DOUBT FOR WHICH YOU HAVE A REASON BASED UPON THE EVIDENCE OR LACK OF EVIDENCE IN THE CASE. IF, AFTER CAREFUL, HONEST, AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, YOU CANNOT SAY THAT YOU ARE FIRMLY CONVINCED OF THE DEFENDANT'S GUILT THEN YOU HAVE A REASONABLE DOUBT. REASONABLE DOUBT IS THE KIND OF DOUBT THAT WOULD CAUSE A REASONABLE PERSON, AFTER CAREFUL AND THOUGHTFUL

REFLECTION, TO HESITATE TO ACT IN THE GRAVER OR MORE IMPORTANT MATTERS IN LIFE. HOWEVER, IT IS NOT AN IMAGINARY DOUBT, NOR A DOUBT BASED ON SPECULATION OR GUESSWORK; IT IS A DOUBT BASED UPON REASON. THE GOVERNMENT IS NOT REQUIRED TO PROVE GUILT BEYOND ALL DOUBT, OR TO A MATHEMATICAL OR SCIENTIFIC CERTAINTY. ITS BURDEN IS TO PROVE GUILT BEYOND A REASONABLE DOUBT.

2.74 THE QUESTION OF POSSIBLE PUNISHMENT OF THE DEFENDANT IN THE EVENT OF CONVICTION IS NO CONCERN OF YOURS AND SHOULD NOT ENTER INTO OR INFLUENCE YOUR DELIBERATIONS IN ANY WAY. THE DUTY OF IMPOSING SENTENCE IN THE EVENT OF CONVICTION RESTS EXCLUSIVELY WITH ME. YOU SHOULD WEIGH THE EVIDENCE IN THE CASE AND DETERMINE THE GUILT OR INNOCENCE OF THE DEFENDANT SOLELY UPON THE BASIS OF SUCH EVIDENCE, WITHOUT ANY CONSIDERATION OF THE MATTER OF PUNISHMENT

IN THIS CASE MARLIN MOORE IS CHARGED WITH UNLAWFUL POSSESSION WITH INTENT TO DISTRIBUTE 500 GRAMS OR MORE OF COCAINE ON OR ABOUT FEBRUARY 2, 2005.

THE ESSENTIAL ELEMENTS OF THIS OFFENSE, EACH OF WHICH THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT, ARE:

1. **THAT THE DEFENDANT POSSESSED 500 GRAMS OR MORE OF COCAINE ON OR ABOUT FEBRUARY 2, 2005;**

2. **THAT THE DEFENDANT DID SO KNOWINGLY AND INTENTIONALLY. THIS MEANS CONSCIOUSLY, VOLUNTARILY AND ON PURPOSE, NOT MISTAKENLY, ACCIDENTALLY OR INADVERTENTLY.**

3. **THAT WHEN THE DEFENDANT POSSESSED THE COCAINE, HE HAD THE SPECIFIC INTENT TO DISTRIBUTE IT. DISTRIBUTE MEANS TO TRANSFER OR ATTEMPT TO TRANSFER TO ANOTHER PERSON.**

**.3.08 IN DEFINING THE ELEMENTS OF THE CHARGE I USED THE TERM "POSSESSION." WITH RESPECT TO THIS TERM YOU ARE INSTRUCTED THAT THERE ARE TWO KINDS OF POSSESSION: ACTUAL AND CONSTRUCTIVE. A PERSON HAS ACTUAL POSSESSION OF SOMETHING IF HE HAS DIRECT PHYSICAL CONTROL OVER IT. HE HAS CONSTRUCTIVE POSSESSION OF SOMETHING WHEN HE DOES NOT HAVE DIRECT PHYSICAL CONTROL OVER IT, BUT KNOWINGLY HAS BOTH THE POWER**

AND THE INTENT AT A GIVEN TIME TO CONTROL IT, EITHER BY HIMSELF/HERSELF OR THROUGH ANOTHER PERSON.

POSSESSION MAY BE SHARED WITH ONE OR MORE PEOPLE.

MERE PRESENCE NEAR SOMETHING OR MERE KNOWLEDGE OF ITS LOCATION IS NOT ENOUGH TO SHOW POSSESSION. TO PROVE POSSESSION, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT HAD ACTUAL OR CONSTRUCTIVE POSSESSION OF THE COCAINE BASE, ALONE OR WITH SOMEONE ELSE.

3.02 IN DEFINING THE ELEMENTS OF THE OFFENSES CHARGED I USED THE TERMS "KNOWINGLY" AND "INTENTIONALLY." SOMEONE'S INTENT OR KNOWLEDGE ORDINARILY CANNOT BE PROVED DIRECTLY, BECAUSE THERE IS NO WAY OF DIRECTLY LOOKING INTO THE WORKINGS OF THE HUMAN MIND. BUT YOU MAY INFER THE DEFENDANT'S INTENT AND KNOWLEDGE FROM THE SURROUNDING CIRCUMSTANCES. YOU MAY CONSIDER ANY STATEMENT MADE OR ACTS DONE OR OMITTED BY THE DEFENDANT, AND ALL OTHER FACTS AND CIRCUMSTANCES RECEIVED IN EVIDENCE WHICH INDICATE THE DEFENDANT'S INTENT AND KNOWLEDGE..

YOU MAY INFER, BUT ARE NOT REQUIRED TO INFER, THAT A PERSON INTENDS THE NATURAL AND PROBABLE CONSEQUENCES OF ACTS KNOWINGLY DONE OR KNOWINGLY OMITTED. IT IS ENTIRELY UP TO YOU, HOWEVER, TO DECIDE WHAT FACTS TO FIND FROM THE EVIDENCE RECEIVED DURING THIS TRIAL. YOU SHOULD CONSIDER ALL THE CIRCUMSTANCES IN EVIDENCE THAT YOU THINK ARE RELEVANT IN DETERMINING WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ACTED WITH THE NECESSARY STATE OF MIND.

2.71 WHEN YOU RETURN TO THE JURY ROOM, YOU SHOULD FIRST SELECT ONE OF YOUR MEMBERS TO BE THE FOREPERSON. THE FOREPERSON SHOULD PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT

2.75 IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE BY THE CLERK OR MARSHAL, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY. NO MEMBER OF THE JURY SHOULD TRY TO COMMUNICATE WITH ME BY ANY MEANS

OTHER THAN A SIGNED NOTE AND I WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY MATTER TOUCHING THE MERITS OF THIS CASE, EXCEPT IN WRITING OR ORALLY HERE IN OPEN COURT.

BEAR IN MIND ALSO THAT YOU ARE NEVER, UNDER ANY CIRCUMSTANCES, TO REVEAL TO ANY PERSON -- NOT THE CLERK, THE MARSHAL OR ME -- HOW THE JURY STANDS ON THE QUESTION OF THE DEFENDANT'S GUILT OR INNOCENCE UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT. THIS MEANS, FOR EXAMPLE, THAT YOU NEVER SHOULD STATE TO THE COURT THAT THE JURY IS DIVIDED 6 TO 6, 7 TO 5, 11 TO 1, OR IN ANY OTHER FASHION, WHETHER FOR CONVICTION OR ACQUITTAL.

2.72 THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER TO RETURN VERDICT, EACH JUROR MUST AGREE TO THE VERDICTS. YOUR VERDICTS MUST BE UNANIMOUS.

2.73 I AM NOT SENDING THE EXHIBITS THAT HAVE BEEN ADMITTED INTO EVIDENCE WITH YOU AS YOU START YOUR DELIBERATIONS. HOWEVER, YOU ARE ENTITLED TO SEE ANY OF

**THESE EXHIBITS AS YOU DELIBERATE. I SUGGEST THAT YOU BEGIN YOUR DELIBERATIONS AND THEN, IF IT WOULD BE HELPFUL TO YOU, YOU MAY ASK FOR ANY EXHIBIT WHICH HAS BEEN ADMITTED INTO EVIDENCE SIMPLY BY SENDING ME A NOTE FROM YOUR FOREPERSON THROUGH ONE OF THE MARSHALS.**

**IN ADDITION TO A HARD COPY OF THE INSTRUCTIONS THAT I HAVE JUST GIVEN, YOU WILL BE PROVIDED WITH A JURY VERDICT FORM.**